FILED
12/28/20 11:45 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | Bankruptcy No. 19-24140-GLT |
| MICHELLE OLAH : | Chapter 7 |
| *Debtor* : | |
| Natalie Lutz Cardiello, Trustee : | |
| Movant : | Related to Docket No. 41 & 55 |
| v. : | |
| United States of America, Internal Revenue Service; Commonwealth of Pennsylvania, Department of Revenue; Allegheny County; Township of South Park; South Park School District; Jordan Tax, Service Lakeview Loan Servicing, LLC; and M & T Bank : | |
| Respondents : | |

**AMENDED
ORDER OF COURT**

AND NOW, to wit, this 28th Day of December, 2020, the Court having considered the Motion to Sell Real Property Free and Clear of Third Party Interests, Liens, Claims, Charges and/or Encumbrances, and all responses filed thereto, and having held hearing thereon as required by law, IT IS HEREBY ORDERED, ADJUDGED, DETERMINED, FOUND AND DECREED THAT:

1. Debtor is the owner of real estate located at 5501 Thelma Ave., South Park, PA 15129 ("Real Property").

2. Based on a Property Report obtained by the Trustee, the liens and encumbrances against the Estate's interest in and to the said Real Property in the order of their priorities, are as follows, to wit:

   (a)   Current and past due taxes due to Allegheny County, Township of South Park and South Park School District.

   (b)   A mortgage in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Pennsylvania Equity Resource, Inc. dated October 11, 2016 and recorded on October 28, 2016 in the Office of the Recorder of Deeds of Allegheny County in Mortgage Book Volume 51263, Page 445 in the amount of $150,228, which mortgage was assigned to Lakeview Loan Servicing, LLC by instrument recorded October 31, 2019 in Mortgage Book Volume 51263, Page 445.

3. The scheduling of a party herein as a lien holder and/or interest holder, including but not limited to being scheduled as the holder of a lien, statutory, judicial or consensual, is without prejudice to the rights of the Trustee/Estate, and/or any party in interest to challenge the validity, extent, and/or priority thereof, and/or to challenge the claim as to the debt, and/or the amount alleged due and owing thereon.

4. The best interests of this Estate and its creditors will be served by this Court, pursuant to 11 U.S.C. §363(b), authorizing the sale of said Real Property, free and clear of all third party interests, liens, claims, charges and/or encumbrances against the same, specifically including but not limited to all liens and/or encumbrances, including but not limited to those of all parties named as Respondents hereto, including but not limited to the statutory, mortgage, and/or judicial liens of the Respondents hereto as set forth above, excepting only those rights of way, easements and restrictions of record or as are apparent from an inspection of the Real Property.

5. The Real Property is sold free and clear of all liens and/or encumbrances (judicial, statutory and consensual), security interests, claims, charges and interests, including ownership interests, all of which are divested from the Real Property, excepting only easements and rights of way, as well as restrictions, exceptions, reservations, and covenants of record and/or as an inspection of the Real Property would disclose.

6. The sale of the Real Property is in "AS IS", "WHERE IS" condition, without representations or warranties of any kind whatsoever, and the participation of the purchaser in the sale process constitutes an agreement and representation that the purchaser has inspected the Real Property, and is purchasing the same solely on the basis of such inspections, and not as the result of any representation of any kind whatsoever by the Estate/debtor, or its/her agents, except as otherwise set forth herein.

7. Closing shall occur on or before ten (10) days from the date the Order of Sale becomes final, TIME BEING OF THE ESSENCE, with all such payments to be via certified check, cashier's check, or such other forms of assured and guaranteed payment as may be acceptable to the Trustee's counsel. Possession shall be delivered at closing.

8. In the event of the failure of the purchaser to remit payment in full within the required time frame, (or such extensions, not to exceed 30 days as the Trustee, in her sole and exclusive discretion, may accord to the purchaser) the Trustee may, at her option, declare a default, retain the deposit for the benefit of the Estate, and resell the Real Property, in which case the purchaser shall be liable for any deficiency, unless such inability to close is the result of the inability of the Trustee/Estate to have complied with the terms of this motion or the order approving the sale. The Trustee is hereby authorized (but not required) to sell the Real Property to the next highest bidder, and so on, in order to liquidate the Real Property for the benefit of the Estate.

9. Title shall be conveyed by Trustee's Special Warranty Deed, and the Trustee is, pursuant to §363(b), specifically accorded the authority to convey the Real Property described above, together with related rights of way and easements, under and subject to the existing rights of way, restrictions and easements, if any, as appear of record or as may be apparent from an inspection of the Real Property.

10. The purchaser is deemed to have released any and all claims he/she/they may have against the Trustee/Estate, or any of them, or that he/she/they may hereafter acquire against them, or either of them, known and/or unknown, under federal and/or state law, for any environmental liability or claim, including but not limited to "CERCLA" or any similar statutes arising out of conditions in, on, or about the Real Property so purchased.

11. The Trustee has not given nor been given any consideration for her agreement hereto except as herein set forth.

12. The net amount payable to M & T Bank will be the amount contractually owed to it or any lesser amount agreed to by M & T Bank.

13. The bankruptcy estate will receive the $10,000 Buyer's Premium. The Buyer's Premium may not be used to pay any exemption claimed by the Debtor.

14. The proceeds payable to the bankruptcy estate shall be used as follows, to wit:

(a) to pay the costs of sale, specifically including but not limited to advertising, printing, mailing and notice fees; and

(b) to pay the Trustee's fees and Trustee's counsel fees (which fees shall be reserved for but not paid out until such fees are approved by the Court for payment after motion duly filed seeking such approval and authorization for payment);

All remaining funds shall be held by the Trustee pending further Order of this Court.

15. The sale of the Real Property to James S. Bright, or his, her or its designee for a consideration of $147,600, which includes a buyer's premium of $10,000 is authorized, approved and confirmed.

16. The Court finds that the purchaser is held to be a good faith purchaser pursuant to 11 U.S.C. §363 and *In re Abbott's Dairies of Pennsylvania, Inc.,* 788 F2d 143 (C.A. 3rd 1986), entitled to all of the protections and benefits accorded such a buyer/purchaser pursuant to 11 U.S.C. §363(m).

17. The Court further finds that the sale hearing was duly advertised on the Court's website pursuant to W.PA.LBR 6004-1(c)(2) on October 28, 2020, in the Pittsburgh Legal Journal on November 10, 2020 and in the Pittsburgh Post-Gazette on November 6, 2020, as shown by the Proofs of Publication duly filed.

18. The Trustee shall file a Report of Sale within five days from the date of Closing, or as soon thereafter as is practicable.

19. The Trustee is authorized and directed to make, execute and deliver such other documents as may be required to give effect hereto.

20. The stay imposed by Bankruptcy Rule 6004(h) is waived.

BY THE COURT

_____
GREGORY L. TADDONIO    drb
United States Bankruptcy Judge

United States Bankruptcy Court

Western District of Pennsylvania

In re:  
Michelle Olah  
    Debtor(s)

Case No. 19-24140-GLT  
Chapter 7

# CERTIFICATE OF NOTICE

District/off: 0315-2      User: culy      Page 1 of 2  
Date Rcvd: Dec 28, 2020      Form ID: pdf900      Total Noticed: 1

The following symbols are used throughout this certificate:  
**Symbol     Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

\#     Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 30, 2020:**

**Recip ID     Recipient Name and Address**  
db     #+ Michelle Olah, 1700 Patrick Place, Apartment T20, South Park, PA 15129-9258

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**  
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 30, 2020      Signature:     /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 28, 2020 at the address(es) listed below:**

**Name      Email Address**

Brian Nicholas  
     on behalf of Creditor Lakeview Loan Servicing LLC bnicholas@kmllawgroup.com

Natalie Lutz Cardiello  
     on behalf of Trustee Natalie Lutz Cardiello ncardiello@comcast.net ncardiello@ecf.axosfs.com

Natalie Lutz Cardiello  
     ncardiello@cardiello-law.com ncardiello@ecf.axosfs.com

Natalie Lutz Cardiello  
     on behalf of Attorney Natalie Lutz Cardiello ncardiello@cardiello-law.com ncardiello@ecf.axosfs.com

Office of the United States Trustee  
     ustpregion03.pi.ecf@usdoj.gov

District/off: 0315-2     User: culy     Page 2 of 2
Date Rcvd: Dec 28, 2020     Form ID: pdf900     Total Noticed: 1

Rebeka Seelinger
    on behalf of Debtor Michelle Olah rebeka@seelingerlaw.com

TOTAL: 6